IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRODERICK CARTER                                                                                          PLAINTIFF

v.                                         Civil No. 1:24-cv-01073-BAB

NURSE KASEY SANFORD                                                                                    DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Broderick Carter, filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's failure to prosecute.

The case was directly assigned to the undersigned Magistrate Judge.  However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey.  28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

### I.  BACKGROUND

Plaintiff originally submitted this 42 U.S.C. 1983 action *pro se* on October 18, 2024.  (ECF No. 1).  The Court provisionally filed Plaintiff's Complaint and Ordered him to submit an application to proceed *in forma pauperis* ("IFP Application).  (ECF No. 2).  Plaintiff failed to respond to the provisional filing order so the Court entered an Order to Show Cause on November 20, 2024 directing Plaintiff again to file an IFP Application or pay the filing fee.  (ECF No. 4).  Plaintiff filed his response to the Order to Show Cause on December 9, 2024 explaining the jail

1

lost his IFP Application, (ECF No. 5), so the Court sent Plaintiff another copy of the IFP Application on December 10, 2024, (ECF No. 6). Later that same day, Plaintiff's completed IFP Application was received by the Court. (ECF No. 8). The Court was finally able to grant Plaintiff IFP status on January 10, 2025 and served his Complaint on Defendant. (ECF Nos. 9, 12).

On February 18, 2025, Defendant filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15). On February 24, 2025, the Court entered an Order directing Plaintiff to respond to this Motion to Dismiss. (ECF No. 20). Plaintiff's response was due on March 17, 2025, and Plaintiff was advised that failure to respond would subject this case to dismissal. *Id.* Plaintiff failed to respond.

On March 18, 2025, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to obey the Court's February 24, 2025 Order to respond to Defendant's Motion to Dismiss. (ECF No. 21). Plaintiff's response was due on April 8, 2025 but he failed to respond.

The Court has not received any mail sent to Plaintiff's address of record returned as undeliverable, and Plaintiff has not communicated with the Court since filing his IFP Application on December 10, 2024.

## II.     DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to prosecute this case and comply with the Court's Orders to respond to Defendant's Motion to Dismiss. However, the Court does not find dismissal with prejudice is warranted here.

3

### III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** and Defendant's Motion to Dismiss (ECF No. 15) be found **MOOT**.

**STATUS REFERRAL: Referral should be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 28th **day of April 2025**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE